KAUCSPRP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                              19CR749(JPO)

5   BENNETT SPRECHER,

6                Defendant.

7   ------------------------------x

8                                      New York, N.Y.
                                       October 30, 2020
9                                      11:00 a.m.

10

    Before:
11
                        HON. J. PAUL OETKEN,
12
                                          District Judge
13
                            APPEARANCES
14
    AUDREY STRAUSS,
15       Acting United States Attorney for the
         Southern District of New York
16  BY:  SARAH L. KUSHNER
         Assistant United States Attorney
17
    FEDERAL DEFENDERS OF NEW YORK
18       Attorneys for Defendant
    BY:  MARTIN S. COHEN
19

20

21

22

23

24

25

KAUCSPRP

1    (Case called)

2    MS. KUSHNER:  Good morning, your Honor.  Sarah Kushner

3    for the government.

4    THE COURT:  Good morning.

5    MR. COHEN:  Good morning, your Honor.  Martin Cohen

6    from the Federal Defenders on behalf of Mr. Sprecher.

7    THE COURT:  Good morning.  You all can remain seated.

8    Please just stay seated and speak into the microphone.  It's a

9    little hard to hear since we're all wearing masks, but if we

10   can speak right into the microphone and remain seated,

11   everything should be fine.

12   I've been informed, Mr. Cohen, that Mr. Sprecher is

13   prepared to enter a guilty plea to count 1 of the information;

14   is that right?

15   MR. COHEN:  That's correct, your Honor.

16   THE COURT:  Before getting into that, I want to

17   mention, you all probably know, that there is a new federal

18   rule involving Brady disclosures, it's actually an amendment to

19   federal rule of criminal procedure 5F.

20   Pursuant to that, I just want to remind the government

21   of its obligation under *Brady v. Maryland* to disclose to the

22   defense all information, whether admissible or not, that is

23   favorable to the defendant, material either to guilt or to

24   punishment and known to the government.  The government must

25   make good-faith efforts to disclose such information to the

KAUCSPRP

1    defense as soon as reasonably possible after its existence

2    becomes known to the government.  This includes information

3    that can be used to impeach the trial testimony of a government

4    witness within the meaning of *Giglio v. United States,* and such

5    information must be disclosed sufficiently in advance of trial

6    for the defendant to make effective use of it at trial.

7            These are continuing obligations and they apply to

8    information, whether or not prosecutors credit the information.

9    Failure to comply with these obligations may result in serious

10   consequences up to and including sanctions and dismissal of

11   charges.

12           Ms. Kushner, do you understand these obligations and

13   can you confirm that you have fulfilled them?

14           MS. KUSHNER:  I understand the obligations.  I cannot

15   confirm that we've fulfilled them.  I would have to check with

16   the other AUSA on this matter, or Mr. Cohen.  I just don't want

17   to make a representation that's not true.

18           THE COURT:  But you don't know of any Brady material

19   that's not been disclosed?

20           MS. KUSHNER:  I'm not aware of it.

21           THE COURT:  Notwithstanding Ms. Kushner's inability to

22   make that representation, are you prepared to go forward with

23   the plea allocution, Mr. Cohen?

24           MR. COHEN:  I am, your Honor.

25           THE COURT:  Mr. Sprecher, I understand you do wish to

KAUCSPRP

1    plead guilty to count 1; is that correct?

2              THE DEFENDANT:  Correct.

3              THE COURT:  Before accepting your plea, I'm going to

4    ask you some questions to establish that you wish to plead

5    guilty because you are guilty and not for some other reason.

6    If you don't understand any of my questions or if you would

7    like a further opportunity to speak with your lawyer, please

8    let me know.

9              You'll now be placed under oath.

10             THE DEPUTY CLERK:  Mr. Sprecher, please stand, raise

11   your right hand.  You do solemnly swear that the testimony you

12   shall give this Court in this issue shall be the truth, the

13   whole truth, and nothing but the truth?

14             THE DEFENDANT:  I do.

15             THE DEPUTY CLERK:  Thank you.  Please be seated.

16             THE COURT:  Mr. Sprecher, you're now under oath, and

17   that means if you answer my questions falsely, you could be

18   prosecuted for perjury.

19             What's your full name?

20             THE DEFENDANT:  Bennett Charles Sprecher.

21             THE COURT:  How old are you?

22             THE DEFENDANT:  66.

23             THE COURT:  And how far did you go in school?

24             THE DEFENDANT:  College.

25             THE COURT:  Have you ever been treated or hospitalized

KAUCSPRP

```
1    for any mental illness?

2              THE DEFENDANT:  No.

3              THE COURT:  Have you recently been under --

4              THE DEFENDANT:  I have to correct that.  I have been

5    treated for mental illness.

6              THE COURT:  Is it anything that prevents you from

7    understanding what's going on?

8              THE DEFENDANT:  No.

9              THE COURT:  And are you on any medication that

10   prevents you from understanding what's going on?

11             THE DEFENDANT:  I am not.

12             THE COURT:  Have you ever been hospitalized or treated

13   for addiction to drugs or alcohol?

14             THE DEFENDANT:  No.

15             THE COURT:  In the past 24 hours, have you taken any

16   drugs or had any alcohol?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  Do you understand what's happening in this

19   proceeding today?

20             THE DEFENDANT:  I do.

21             THE COURT:  Does either counsel have any doubt as to

22   the defendant's competence to plead today?  Mr. Cohen.

23             MR. COHEN:  I don't, your Honor.

24             THE COURT:  Ms. Kushner.

25             MS. KUSHNER:  No, your Honor.
```

KAUCSPRP

1          THE COURT:  Based on his responses to my questions and

2     his demeanor as I observe it, I find that the defendant is

3     competent to enter a plea of guilty.

4          Mr. Sprecher, have you had a sufficient opportunity to

5     discuss your case with your lawyer, including the charge you

6     intend to plead guilty to, any possible defenses, and the

7     consequences of pleading guilty?

8          THE DEFENDANT:  I have.

9          THE COURT:  And are you satisfied with your attorney's

10     representation of you?

11          THE DEFENDANT:  I am.

12          THE COURT:  I'm now going to explain certain

13     constitutional rights that you have, and these are rights that

14     you give up when you plead guilty, so I want to make sure you

15     understand them.

16          Under the Constitution and laws of the United States,

17     you have the right to a speedy and public trial by a jury on

18     the charges in the information.

19          Do you understand that?

20          THE DEFENDANT:  I do.

21          THE COURT:  At the trial, you would be presumed

22     innocent and the government would have to prove you guilty

23     beyond a reasonable doubt before you could be found guilty.

24     You would not have the burden of proving you're innocent.  A

25     jury of 12 people would have to agree unanimously that you are

KAUCSPRP

 1    guilty.

 2             Do you understand that?

 3             THE DEFENDANT:  I do.

 4             THE COURT:  At that trial and every stage of your

 5    case, you'd have the right to be represented by an attorney,

 6    and if you could not afford one, one would be appointed to

 7    represent you.

 8             Do you understand that?

 9             THE DEFENDANT:  I do.

10             THE COURT:  During a trial, the witnesses for the

11    government would have to come to court and testify in your

12    presence, and your lawyer would be able to cross examine the

13    witnesses for the government, object to evidence offered by the

14    government, and offer evidence and compel witnesses to testify

15    in your defense.

16             Do you understand that?

17             THE DEFENDANT:  I do.

18             THE COURT:  At a trial, you'd have the right to

19    testify, if you chose to, but you would also have the right not

20    to testify, and no inference of guilt could be drawn from the

21    fact that you did not testify if that's what you chose.

22             Do you understand?

23             THE DEFENDANT:  I do.

24             THE COURT:  If you are convicted at trial, you'd also

25    have the right to appeal that conviction to the Court of

KAUCSPRP

1   Appeals.

2            Do you understand that?

3            THE DEFENDANT:  I do.

4            THE COURT:  Even at this time, as you're entering this

5   plea, you do have the right to change your mind and continue

6   pleading not guilty and have a trial.

7            Do you understand that?

8            THE DEFENDANT:  I do.

9            THE COURT:  If you plead guilty and I accept your

10  plea, you'll be giving up your right to the trial and the other

11  rights that I just described, there will be no trial, and I'll

12  enter a judgment of guilty on the count to which you plead

13  guilty and then sentence you not today, but in a few months on

14  the basis of that plea.

15           Do you understand?

16           THE DEFENDANT:  I do.

17           THE COURT:  And finally, if you plead guilty, you'll

18  have to give up your right not to incriminate yourself because

19  I will ask you about what you did to satisfy myself that you

20  are guilty as charged.

21           Do you understand?

22           THE DEFENDANT:  I do.

23           THE COURT:  You previously received a copy of the

24  information with the charges against you?

25           THE DEFENDANT:  I did.

KAUCSPRP

1          THE COURT:  And you had a chance to read it and talk

2     to your lawyer about it?

3          THE DEFENDANT:  I did.

4          THE COURT:  I'd like to ask Ms. Kushner if you'd

5     please state the elements of count 1.

6          MS. KUSHNER:  Yes, your Honor.  To prove the defendant

7     guilty of count 1 of the information, the government would have

8     to prove, beyond a reasonable doubt, first, that the defendant

9     knowingly possessed any matter that contained an image of child

10    pornography; second, that the child pornography had been

11    transported in interstate or foreign commerce by any means,

12    including by computer, or that it had been produced using

13    materials that had been e-mailed, mailed, shipped, or

14    transported in interstate or foreign commerce by any means,

15    including computer; and third, that the defendant knew such

16    items constituted child pornography.

17          In addition here, to support the increased statutory

18    maximum under Title 18, United States Code, Section

19    2252(a)(2)(B), from a 10-year to a 20-year maximum, the

20    government would also have to prove, beyond a reasonable doubt,

21    that any image of child pornography involved in the offense

22    involved a prepubescent minor, or a minor who had not yet

23    obtained 12 years of age.

24          Finally, the government would have to prove, by a

25    preponderance of the evidence, that venue was proper here in

KAUCSPRP

1    the Southern District of New York.

2            THE COURT:  Thank you.  I also want to explain the

3    maximum possible penalty under the statute.  We'll get to the

4    sentencing guidelines in a minute, which are advisory, but the

5    statutory maximum is 20 years imprisonment.  There is a maximum

6    of fine of $250,000, there is a $100 special assessment, and

7    there is a maximum of three years of supervised release.

8            Supervised release means, essentially, probation,

9    which you're subject to monitoring following any term of

10   incarceration, and there are terms and conditions that you must

11   comply with during that period.  If you fail to comply with

12   them, you can be returned to prison without a jury trial.

13           In addition, as part of your plea agreement, you must

14   admit to the forfeiture allegation in the information and agree

15   to forfeit the property described in that plea agreement, and

16   you'll be required to pay restitution to any victims to the

17   extent that I order it at the time of sentencing.

18           Are you a United States citizen?

19           THE DEFENDANT:  I am.

20           THE COURT:  Also, if anyone has attempted to predict

21   what your sentence is going to be, I want to explain that I'm

22   the one who's going to determine your sentence, again, not now,

23   but after receiving a presentence report that the probation

24   department will prepare, any written submissions from your

25   lawyer and the government's lawyer, and then determine an

KAUCSPRP

1   appropriate sentence, whatever appropriate sentence is for you

2   based on the sentencing guidelines, but also departures or

3   variances from the guidelines, and ultimately, what an

4   appropriate sentence is for you under the factors in the

5   statute 18 U.S.C. 3553(a), and even if your sentence is

6   different from what anyone has told you or what you expect, you

7   will still be bound by your guilty plea.

8            Do you understand that?

9            THE DEFENDANT:  I do.

10           THE COURT:  Has anyone threatened you or forced you to

11   plead guilty?

12           THE DEFENDANT:  No.

13           THE COURT:  Have you entered into a plea agreement

14   with the government?

15           THE DEFENDANT:  Have I?

16           MR. COHEN:  Yes.

17           THE DEFENDANT:  The answer is yes.

18           THE COURT:  Is there a signed copy?

19           MR. COHEN:  Your Honor, we had emailed a copy signed

20   by all the parties to the Court's deputy, probably on

21   Wednesday.

22           THE COURT:  Okay.

23           MS. KUSHNER:  I have copies, your Honor.

24           THE COURT:  Could you hand up the copy, because I only

25   have an unsigned copy.

KAUCSPRP

1          Okay, I have a copy of a plea agreement with the cover

2     date of August 7, 2020.  It appears to have a signature on it.

3     It appears to have a signature with the date of October 26,

4     2020.

5          Did you sign this agreement?

6          THE DEFENDANT:  I did.

7          THE COURT:  And before you signed it, did you have a

8     chance to fully read it and go over it with Mr. Cohen?

9          THE DEFENDANT:  I did.

10         THE COURT:  And did you sign it voluntarily?

11         THE DEFENDANT:  I did.

12         THE COURT:  Under the terms of the plea agreement,

13    there is a stipulated guideline range of 78 months to 97 months

14    imprisonment.  Again, 78 months to 97 months imprisonment.

15    That stipulation is binding on you and the government, but it's

16    not binding on me, and I'll make my own calculation of the

17    guidelines, but under this agreement, you're giving up your

18    right to challenge or appeal as long as I sentence you within

19    or below that range.

20         Do you understand that?

21         THE DEFENDANT:  I do.

22         THE COURT:  Do you still wish to plead guilty?

23         THE DEFENDANT:  I do.

24         THE COURT:  Would you please tell me, in your own

25    words, what you did that makes you believe you are guilty of

KAUCSPRP

1    the charge?

2          THE DEFENDANT:  If you don't mind, I'm going to read

3    it.

4          THE COURT:  Sure.

5          THE DEFENDANT:  From around October 2018 until August

6    of 2019, I knowingly possessed photographs and videos that

7    contained images of child pornography, including images that

8    involved prepubescent minors, and a minor who had not obtained

9    12 years of age.  I downloaded these images from the internet

10   to my home in Manhattan where I stored them on a hard drive.  I

11   knew, at the time, that what I was doing was wrong, illegal,

12   and morally reprehensible, and I am extraordinarily sorry.

13         It is impossible to express, in a single sentence, the

14   depth of my remorse to minors appearing in those images who are

15   all victims, to my extended family and friends, and most

16   especially to my wife, Amy, my daughter, Emma, and my son,

17   Luke.

18         THE COURT:  Thank you.  Does the government believe

19   there is a sufficient factual basis for the plea based on

20   Mr. Sprecher's allocution?

21         MS. KUSHNER:  Yes, your Honor.

22         THE COURT:  Does Mr. Cohen, as well?

23         MR. COHEN:  Yes, your Honor.

24         THE COURT:  Since you acknowledge that you are, in

25   fact, guilty as charged in count 1 of the information, and

KAUCSPRP

1    since I'm satisfied that you know your rights, including your

2    right to go to trial and that you're aware of the consequences

3    of your plea, including the sentence that may be imposed, I

4    find that you are voluntarily pleading guilty and I accept your

5    guilty plea and enter a judgment of guilty on that count.

6          I'll set a date for sentencing and the probation

7    department will be in touch to schedule an interview when they

8    prepare a presentence report that I read carefully before I

9    decide on a sentence.

10          How is February 12, Friday, February 12?

11          MS. KUSHNER:  That's fine, your Honor.

12          MR. COHEN:  That's fine for us.

13          THE COURT:  Okay, sentencing is set for Friday,

14    February 12, at 11:30 a.m.  Any written submissions on behalf

15    of the defendant will be due two weeks before that, which is

16    January 29, and the government's submissions due one week

17    before that, which is February 5.

18          So, you must appear for sentencing.  It's obviously a

19    separate crime if you don't appear for sentencing, so make sure

20    you appear for sentencing on the date that I set, February 12,

21    11:30, and all of the conditions of your pretrial release will

22    continue to the date of sentencing, so please make sure you

23    continue to comply with those.

24          Is there anything further from the government?

25          MS. KUSHNER:  Your Honor, I'm so sorry, maybe I missed

KAUCSPRP

1   this, there are no other promises apart from the plea agreement

2   made.

3           THE COURT:  Let me confirm that.  Maybe I missed it.

4   Other than what you agreed to in the plea agreement, were there

5   any other understandings or promises with the government that

6   were left out?

7           THE DEFENDANT:  I don't think so.

8           THE COURT:  And Mr. Cohen, you don't know of any?

9           MR. COHEN:  I know of no other promises or agreements,

10  other than what's in the plea agreement.

11          THE COURT:  Anything further from the government?

12          MS. KUSHNER:  Nothing further.

13          THE COURT:  Anything further from Mr. Cohen?

14          MR. COHEN:  No.  Thank you very much, your Honor.

15          THE COURT:  By the way, I've marked the plea agreement

16  as Court Exhibit 1, and I'll return that to the government.

17          MS. KUSHNER:  Just to clarify, August 27 is the date

18  you have on the top?

19          THE COURT:  Yes, August 27.

20          MR. COHEN:  Thank you, your Honor.

21          THE COURT:  Thank you.  We're adjourned.

22                              * * *

23

24

25