

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 11, 2021

**BY ECF**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York, 10007

  Re: *United States v. Bennett Sprecher*, 19 Cr. 749 (JPO)

Dear Judge Oetken:

  The Government respectfully submits this letter in advance of the sentencing in this matter, currently scheduled for March 18, 2021 at 3:00 p.m. The parties' plea agreement (the "Plea Agreement") stipulated that the applicable United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range is 78 to 97 months' imprisonment, and the U.S. Probation Office ("Probation") calculated the same range (the "Stipulated Guidelines Range"). A sentence within the Stipulated Guidelines Range would be sufficient, but not greater than necessary, to serve the purposes of sentencing in this case.

**I. Background**

  Between at least October 2018 and August 2019, the defendant possessed hundreds of child pornography videos and pictures. (*See* Probation's Presentence Investigation Repot revised January 21, 2021 ("PSR") ¶¶ 10, 13, 16). He obtained at least some of those videos and pictures using a file sharing network over the Internet. (*Id.* ¶¶ 10, 15). A hard drive recovered from the defendant's residence contained a large volume of child pornography: at least 5,000 thumbnail images, at least 100 deleted images, at least 130 videos, and at least 15 deleted videos. (*Id.* ¶ 16). Some of the child pornography videos and pictures that the defendant possessed depicted children under 12 years old. Others of the child pornography videos and pictures that the defendant possessed depicted the sexual abuse of infants and toddlers. (*See, e.g., id.* ¶¶ 13, 16).

  On August 13, 2019, the defendant was arrested. (Dkt. 3).[1] On October 15, 2019, the defendant was charged in a two-count Information. (PSR ¶¶ 1-3). Count One charged the defendant with possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), and 2. (*Id.* ¶ 2). Count Two charged the defendant with receipt and distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B), 2252A(b)(1), and 2. (*Id.* ¶ 3).

---

[1] The PSR erroneously states that the defendant was arrested on August 13, 2020. (PSR at 1).

On October 30, 2020, the defendant pled guilty to Count One pursuant to the Plea Agreement. (*Id.* ¶¶ 5-6). The Plea Agreement and the PSR calculate the same Guidelines range. The base offense level is 18. (*Id.* ¶¶ 6(a)(ii), 24). The offense level is enhanced because the defendant's child pornography collection: involved a minor who had not attained the age of 12 years (2 levels); portrayed the sexual abuse or exploitation of an infant or toddler (4 levels); involved the use of a computer (2 levels); and included at least 600 images (5 levels). (*Id.* ¶¶ 6(a)(iii)-(vi), 25-28). After a 3-level reduction for acceptance of responsibility, the total offense level is 28. (*Id.* ¶¶ 6(a)(vii)-(viii), 34-36). The defendant has zero criminal history points, and is in Criminal History Category I. (*Id.* ¶¶ 6(b), 39-40). Accordingly, the Stipulated Guidelines Range is 78 to 97 months' imprisonment. (*Id.* ¶¶ 6(c)(i), 95).

## II.     Applicable Law

The Guidelines provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the U.S. Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## III.    Discussion

Here, a sentence within the Stipulated Guidelines Range of 78 to 97 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

>Possession of child pornography is extraordinarily serious and warrants significant deterrence, including general deterrence.
>
>>As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse.

*United States v. Reingold*, 731 F.3d 204, 216 (2d Cir. 2013). A child pornography victim "suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Paroline v. United States*, 572 U.S. 434, 456-57 (2014) (harm to child pornography victim is caused by "the trade in her images," and defendant who possessed such images "is a part of that cause, for he is one of those who viewed her images"). "Harms of this sort are a major reason why child pornography is outlawed," and "[t]he unlawful conduct of everyone who . . . possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating this tragedy." *Id.* at 457.

>It is precisely because "[c]hild pornography harms and debases the most defenseless of our citizens" that "[b]oth the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through . . . the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 757 (1982). This interest extends to seeking to stamp out child pornography wherever found. *See Osborne v. Ohio*, 495 U.S. 103, 110 (1990).

>Probation, in recommending a custodial sentence, recognizes the seriousness of the offense and the need for deterrence, including general deterrence. (PSR at 22). Probation's suggestion of a below-Guidelines term of imprisonment is based in part on Probation's view that the child pornography Guidelines are "irrational[]"—a view that Probation attributes to *United States v. Dorvee*, 616 F.3d 174, 187 (2d Cir. 2010). (PSR ¶ 115; *id.* at 22). But *Dorvee* does not counsel in favor of a below-Guidelines sentence in this case. In *Dorvee*, the defendant's Guidelines range exceeded the statutory maximum term of imprisonment, 616 F.3d at 180-81, and what *Dorvee* called "irrational[]" was the child pornography Guidelines' propensity to yield sentencing ranges "near or exceeding the statutory maximum, even in run-of-the-mill cases," *id.* at 186; *accord id.* ("An ordinary first-time offender is . . . likely to qualify for a sentence . . . rapidly approaching the statutory maximum, based solely on sentencing enhancements that are all but inherent to the crime of conviction."); *id.* at 187 (criticizing child pornography Guidelines for "concentrating all offenders at or near the statutory maximum"). Here, by contrast, the Stipulated Guidelines Range of 78 to 97 months falls well short of the statutory maximum of 240 months. (PSR ¶¶ 94-95).

>The defendant, in seeking a noncustodial sentence, cites *Dorvee* not only for the foregoing inapposite criticism of Guidelines ranges that approach statutory maximums, but also for statistics suggesting that "most of the enhancements applicable to Mr. Sprecher's case . . . appl[y] in the

vast majority of cases," thus challenging the child pornography Guidelines' effectiveness at distinguishing offenders. (Defendant's March 10, 2021 Sentencing Submission ("Def. Sent. Sub.") at 14-15 (citing *Dorvee*, 616 F.3d at 186-87)). Notably absent from the defendant's list of widely applied enhancements, however, is the enhancement for child pornography that portrays sexual abuse or exploitation of an infant or toddler. (*See id.*). That aspect of the defendant's conduct, which increases his offense level by four (PSR ¶ 26), distinguishes him from his so-called "ordinary offender" (Def. Sent. Sub. at 15), and is well deserving of punishment and general deterrence.[2]

\* \* \*

A sentence within the Stipulated Guidelines Range of 78 to 97 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: *Samuel P. Rothschild*
Samuel P. Rothschild
Assistant United States Attorney
(212) 637-2504

cc: Martin S. Cohen, Esq. (by ECF)

---

[2]