**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

November 3, 2021

*By ECF and e-mail*

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Bennett Sprecher*, 19 Cr. 749 (JPO)

Dear Judge Oetken**:**

  I write to respectfully request that the Court allow Mr. Sprecher to use an internet-enabled cell phone, as well as an internet-enabled computer. Both the Probation Office and the Government oppose the request.

  On March 18, 2021, the Court sentenced Mr. Sprecher to a five-year term of probation for the possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5), with special conditions including the following: "You shall permit the U.S. Probation Office to install any application or software that allows it to survey or monitor all activity on any computers . . . or connected devices that you use during the term of probation and that can access the Internet." *See* Judgment, attached as Exhibit A.

  The condition as imposed does not place a limit on the number of (monitored) devices Mr. Sprecher may use. The Probation Office in New Jersey, however has told Mr. Sprecher that he can only have only one connected device, and thus must choose between an internet-enabled cell phone and a computer. To date, Mr. Sprecher has chosen the computer, but not being able to do any of the countless things we rely on our phones for – such as easily texting one's children – has become a real hardship.

  In opposing this request, Carrie Borona, Mr. Sprecher's Probation Officer, explains in an e-mail that the reason for the restriction is one of resources. Officer Borona writes:

> Notably, each device that is monitored is very labor intensive and due to limited resources, allowing individuals more than one internet capable device is a strain on the Probation Office.  I also think it is important to point out the Mr. Sprecher has a cell phone without internet connection and he is able to text his children, even if it is not as user friendly as

Re: *United States v. Bennett Sprecher*, 19 Cr. 749 (JPO)

> a smartphone offers. The cell phone he has is sufficient to make calls when outside of the home and send text messages. Since he has a desktop computer that is monitored, sending email or internet searches can be done from his home computer.

*See* e-mail from Ms. Borona to Martin Cohen dated November 2, 2021, attached as Exhibit B.

The device limit here is thus not based in any way on Mr. Sprecher's conduct. Indeed, Mr. Sprecher has been wholly compliant with all the conditions of his release since his arrest in August 2019, over 27 months ago. Mr. Sprecher also pays for the monitoring software on his computer, and would similarly pay for the software for his telephone.

Having a "smart" phone is essential these days, and Mr. Sprecher's need for a phone encompasses far more than texting (which, to be clear, is extraordinarily difficult to do with his current phone, requiring him to tap once for the letter "a," twice for the letter "b," and so on). Given Mr. Sprecher's compliance with his conditions of release for over two years, and the fact that using two monitored devices fits squarely within the imposed conditions as set forth in the Judgment, we respectfully request that the Court direct the Probation Office to allow Mr. Sprecher to use an internet-enabled telephone in addition to his home computer, both of which will have monitoring software installed (at Mr. Sprecher's expense).

Please let me know if the Court has additional questions or needs additional information. Thank you for your consideration of this request.

Respectfully submitted,

/s/
Martin S. Cohen
Ass't Federal Defender
(212) 417-8737

cc: Samuel Rothschild, Esq., by ECF and e-mail
Probation Officer Carrie Borona, by e-mail

The request is denied substantially for the reasons in the government's letter dated Nov. 5, 2021.
So ordered: 11/9/2021

J. PAUL OETKEN
United States District Judge

Exhibit A

AO 245B (Rev. 09/19)  Judgment in a Criminal Case    (form modified within District on Sept. 30, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| BENNETT SPRECHER | ) | Case Number: 19 Cr. 749 (JPO) |
| | ) | USM Number: 87095-054 |
| | ) | Martin Cohen, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One (1)

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 U.S.C. § 2252A(a)(5) | Possession of Child Pornography | 8/31/2019 | 1 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   All open   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/18/2021
Date of Imposition of Judgment

J. PAUL OETKEN
United States District Judge

3/18/2021
Date

DEFENDANT: BENNETT SPRECHER
CASE NUMBER: 19 Cr. 749 (JPO)

## PROBATION

You are hereby sentenced to probation for a term of:

5 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Case 1:19-cr-00749-JPO   Document 383   Filed 03/04/21   Page 3 of 6
Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page 3 of 6

DEFENDANT: BENNETT SPRECHER
CASE NUMBER: 19 Cr. 749 (JPO)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: BENNETT SPRECHER
CASE NUMBER: 19 Cr. 749 (JPO)

# SPECIAL CONDITIONS OF SUPERVISION

You shall not access any websites, chat rooms, instant messaging, or social networking sites where the defendant's criminal history – including this conviction – would render such access a violation of the terms of service or such website, chat room, instant messaging, or social networking site.

You shall undergo a sex-offense-specific evaluation and participate in a sex offender treatment and/or outpatient mental health treatment program approved by the probation officer. You shall abide by the rules, requirements, and conditions of the sex offender treatment program. You shall waive confidentiality with respect to any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review the course of treatment and progress with the treatment provider. You shall contribute to the costs of services rendered based on the ability to pay or availability of third party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the sex offender treatment provider and/or the mental health treatment provider.

You shall participate in an outpatient mental health treatment program approved by the Probation Office. You shall continue to take any prescribed medications unless otherwise instructed by the health care provider. You shall contribute to the costs of services rendered based on the ability to pay or availability of third party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

You shall be restricted from viewing, accessing, possessing, and/or downloading any sexually explicit material involving minors, including those created via the method of morphing or other image creation format. You will not view or possess any "visual depiction" (as defined in 18 U.S.C. 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" by a minor under the age of 18.

You shall permit the U.S. Probation Office to install any application or software that allows it to survey or monitor all activity on any computers, automated services, or connected devices that you will use during the term of probation and that can access the Internet, and the Probation Office is authorized to install such applications or software. The probation officer may make initial and periodic examinations of any devices subject to monitoring.

You shall report to the nearest Probation Office within 72 hours of release.

You shall be supervised by the District of your residence.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT: BENNETT SPRECHER
CASE NUMBER: 19 Cr. 749 (JPO)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 5,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: BENNETT SPRECHER
CASE NUMBER: 19 Cr. 749 (JPO)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
Defendant is to pay 10% of his monthly gross income toward his JVTA Assessment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# Exhibit B

# Martin Cohen

| | |
|---|---|
| **From:** | Carrie Borona <Carrie_Borona@njp.uscourts.gov> |
| **Sent:** | Tuesday, November 2, 2021 10:19 AM |
| **To:** | Martin Cohen; Rothschild, Samuel (USANYS) |
| **Subject:** | RE: Ben Sprecher |

Hi there,

Thanks for including me in the correspondence. Just a note, my name is spelled Carrie Borona.

Notably, each device that is monitored is very labor intensive and due to limited resources, allowing individuals more than one internet capable device is a strain on the Probation Office. I also think it is important to point out the Mr. Sprecher has a cell phone without internet connection and he is able to text his children, even if it is not as user friendly as a smartphone offers. The cell phone he has is sufficient to make calls when outside of the home and send text messages. Since he has a desktop computer that is monitored, sending email or internet searches can be done from his home computer.

Thank you.


**Carrie H. Borona**
**U. S. Probation Officer**
**District of New Jersey**
**50 Walnut Street, Room 1001**
**Newark, New Jersey 07102**
Office:  973-645-4240
Cell:  973-820-5862
Fax:  973-681-6030

**From:** Martin Cohen <Martin_Cohen@fd.org>
**Sent:** Tuesday, November 2, 2021 10:05 AM
**To:** Carrie Borona <Carrie_Borona@njp.uscourts.gov>; Rothschild, Samuel (USANYS) <Samuel.Rothschild@usdoj.gov>
**Subject:** Ben Sprecher

Hi. Attached is a draft letter to Judge Oetken requesting that he allow Mr. Sprecher to have an internet-enabled telephone in addition to a computer.
Ms. Borona, please let me know if I've characterized the Probation Office's position correctly.
Sam, please let me know your office's position and I will include it in my letter.

Thanks,

-Martin

1

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Martin Cohen
Assistant Federal Defender
Federal Defenders of New York
52 Duane Street – 10th Floor
New York, NY 10007
tel: (212) 417-8737
cell: (646) 588-8317
fax: (212) 571-0392

e-mail: martin_cohen@fd.org